KLIEBERT, Judge.
On July 28, 1982, the vacancy created by the resignation of Aaron Broussard, councilman for the Third District, Jefferson Parish Council (the Council), was filled by a unanimous vote of the remaining councilmen appointing Ronald Gillen to the Third District seat. At the time of the vacancy and the appointment, an election for district judge, to be voted on parish-wide, was set for July 31,1982. Additionally, an election in which there was to be a parish-wide vote was scheduled for September 11, 1982.
Since the Council did not issue a proclamation for an election, Raoul A. “Skip” Galan, a resident and voter in the Third District, instituted a proceeding in the district court seeking to restrain and enjoin the Secretary of State of the State of Louisiana and the Board of Election Supervisors, Registrar of Voters, and the Custodian of Voting Machines for the Parish of Jefferson from proceeding with the election scheduled on September 11, 1982 unless pri- or thereto the Council had issued a proclamation calling for the election of a councilman for the Third District seat on the same date. Combined in the proceeding was the request for the issuance of “an alternative writ of mandamus directing the Jefferson Parish Council to issue a proclamation calling for the election of a councilman for the Third District on September 11, 1982 ...” On an exception of no right or cause of action, the trial judge dismissed the injunction proceedings and on the merits refused to issue the writ of mandamus because there was insufficient time in which to call an election meeting the requirements of the election code by September 11, 1982.
Mr. Galan, the plaintiff, filed and perfected an appeal to this court and additionally applied for supervisory writs and an accelerated hearing of the appeal under the provisions of R.S. 18:1409. The application for writs is dealt with separately by this court. Consequently, only those issues raised on appeal are covered by this opinion. As to those issues we affirm the trial judge.
Considering the motion for an accelerated hearing, we note that R.S. 18:1401 *143 through R.S. 18:1409 constituting Chapter IX Part 1 of the Election Code concerns itself solely with the “Procedures for Objection to Candidacy and Election Contests”. The matter involved in this appeal is neither an opposition to one’s candidacy or a contest over an election previously held. Consequently, the procedures for such suits, including the accelerated hearing provisions relied on by the plaintiff, are not applicable here. Nevertheless, in the interest of judicial expediency and justice, we granted an accelerated hearing of the appeal.[1]
None of the parties seriously dispute the trial judge’s conclusion that Article 2, Section 2.04 of the Jefferson Parish Charter (adopted on November 5, 1957), entitled “Vacancies”, is the only provision of the Charter applicable to the filling of vacancies on the Council. This provision reads as follows, to-wit:
Any vacancy in the Council may be filled by majority vote of the remaining members of the Council within 30 days. If the Council fails to fill the vacancy by appointment within 30 days, it shall call an election to be held not more than 60 days thereafter to fill the vacancy. The person chosen to fill the vacancy must be qualified under Section 2.03. The person so appointed shall serve only until the next parish-wide election or until the expiration of the term for which the vacating Council member was elected, whichever occurs first. If the person is elected, he shall serve for the remainder of the unexpired term of the vacating Council member.
Apparently, the appointment of Ronald Gillen was made within the thirty day period provided by the above quoted provision for no one questions the authority of the Council to make the appointment filling the Third District seat at the time it was made.
The question placed at issue by Mr. Ga-lan’s suit was the failure of the Council to call an election at the time the appointment was made and the relief prayed for by him was, “... an alternative writ of mandamus directing the Jefferson Parish Council to issue a proclamation calling for the election of a councilman for the Third District on September 11, 1982.” Thus, our inquiry is not whether an election should have been called or should now be called, or what effect the Council’s failure to call an election has on the term of office of the appointed councilman, but rather, whether an election complying with the requisites of the election code (R.S. 18:1 et seq.) can be called by September 11, 1982. The trial judge concluded that at the time of trial, August 6, 1982 (judgment was rendered on August 9, 1982), there was not sufficient time to call the election. The question of whether there was or was not sufficient time to call the election at the time the trial judge ruled is no longer important here. The mere passage of time has limited the question to whether there is now sufficient time in which to hold the election on September 11, 1982. As to that question, it is certain there is insufficient time; therefore, we are powerless to grant the specific relief prayed for by the plaintiff.
The Parish Charter is silent as to the manner in which the election is to be called and held. Article 11, Section 1 of the Louisiana Constitution of 1974 mandated the legislature to adopt an election code which shall provide “... for the conduct of all elections”. Pursuant to the mandate, in 1976 the legislature enacted Revised Statutes Title 18, constituting the “Louisiana Election Code”. Section 602 of Title 18 of the Code provides for the filling of vacancies in local and municipal offices and Part “G” thereof contains the following exception:
“The provisions of this Section shall apply to all local governmental subdivisions unless the filing of a vacancy otherwise is provided for by the constitution or by the home rule charter or home rule plan of government of the affected local governmental subdivision. Such constitutional *144 home rule plan provisions shall govern the filling of vacancies and the time and manner of calling elections to fill the vacancies to which such provisions apply.”
Thus, where as here, the Parish Charter is silent, the State Election Code controls the holding and conduct of a parish-wide election. Therefore, we must determine from the State Election Code whether there is sufficient time in which to call and hold an election by September 11, 1982.
Even if this opinion was final at the time of its issuance, which it is not because of the time needed for writ applications to the Supreme Court, at best only 23 days remain between its issuance and September 11, 1982. In order to conduct an orderly election, the Election Code provides for various time periods in which things must be done and various time periods to perform other things. For example, R.S. 18:402(E) directs the holding of a special primary election not less than fourteen (14) weeks after the date on which the proclamation calling the special primary election is issued. Further, the Secretary of State is prohibited by the provisions of R.S. 18:402(E)(3) from including the name of any candidate on any ballot for a special election to fill a vacancy in any office unless the appropriate authority promulgating the holding of an election sets the date of the election on the dates provided by R.S. 18:402(E). Additionally, R.S. 18:1306(C) provides for twenty (20) days for the Secretary of State to prepare and deliver the absentee ballots and under R.S. 18:1309(A) absentee balloting must be permitted from nineteen (19) days to six (6) days before the election. It is evident, therefore, that the time period prescribed by the Election Code for the orderly conduct of an election cannot be complied with and the election called by September 11, 1982.
Additionally, appellant has raised the issue of whether we should now order the calling of a special election to fill the vacancy created by the resignation of Mr. Brous-sard. The issue is raised for the first time in this court; it was not pleaded or considered in the trial court; and, of course, no evidence was taken thereon. As the charter does not contain any provision regarding a special election to fill a vacancy and since none of the facts regarding the calling of such an election are in the record, we decline to consider the issue at this time. Appellant’s remedy, if any he has, is by appropriate proceedings in the trial court.
The injunctive relief sought by the plaintiff is an adjunct to his prayer for a writ of mandamus to have the Council promulgate the call of an election on September 11, 1982. Since the writ of mandamus is denied, the prayer for injunctive relief is moot. Accordingly, the judgment of the lower court is affirmed. All parties to bear their own cost of the appeal.
AFFIRMED.

. The record on appeal was lodged in this court on August 12, 1982 and oral arguments were heard on August 17, 1982.