CRAIN, Judge.
A vacancy was created in the office of Judge, Division “A” of the Juvenile Court of Jefferson Parish on or about October 7, 1986. By letter dated October 16,1986, the Supreme Court, in compliance with La.R.S. 18:621(A), notified the Governor of the vacancy. On February 13, 1987, the Governor issued a proclamation calling for a special election to fill the vacant judgeship. The special primary election was set for August 29, 1987, the qualifying period to commence on June 24, 1987 and end on June 26, 1987.
On February 18, 1987, plaintiff, Charles V. Cusimano, II, filed a petition for writ of mandamus in the Nineteenth Judicial District Court against defendants Edwin W. Edwards, Governor, and James H. Brown, Secretary of State. He later added as defendant Jerry M. Fowler, Commissioner of Elections. Plaintiff seeks to have the court direct the Governor to rescind the August 29, 1987 special primary election date and hold the special primary on April 4,1987, in conjunction with local elections already scheduled for that date in Jefferson Parish. Defendants filed the peremptory exception raising objections of no cause of action and no right of action which were overruled by the trial court. An expedited hearing was held on the mandamus on February 24, 1987. Judgment was rendered in favor of defendants and the mandamus petition was dismissed. From the dismissal of the mandamus petition, plaintiff appeals. The primary issue on appeal is whether the defendants can be ordered to set the election for April 4, 1987.
At the outset we note that this is not an “election suit” entitled to summary treatment under La.R.S. 18:1401, et seq. because it is not an action objecting to candidacy or contesting an election previously held. La.R.S. 18:1409 A; See Galan v. Parish Council of Jefferson Parish, 419 So.2d 141 (La.App. 5th Cir.1982). However, we have granted an accelerated hearing of this appeal in the interest of judicial expediency and justice.
La. Const, art. V, § 22(B) provides that a vacant judgeship in which more than twelve months are left in the unexpired term “shall be filled by special election called by the governor.” The special elec *598 tion must be held within twelve months after the day on which the vacancy occurred. The adoption of an election code by the legislature is mandated in La. Const, art. XI, § 1. The Louisiana Election Code mandates that the Supreme Court give written notice to the Governor within twenty-four hours after having knowledge of a vacancy in the office of a judge. La.R.S. 18:621 A(l). The governor must issue a proclamation ordering a special election to fill the vacancy where more than twelve months of the term are unexpired (as was the case here). This proclamation shall be issued within ten days after receiving notification of the vacancy. La.R.S. 18:621 A(2). The special primary election should be called in accordance with the dates set forth in La.R.S. 18:402, “if such dates can be utilized to fill ... a vacancy in an existing judgeship within the period of time prescribed in Article Y, Section 22(B) of the Louisiana Constitution.” La.R.S. 18:621 A(3). This section further provides: “In selecting the dates for such special elections, the governor shall first choose a gubernatorial or congressional election date; if no such date is available during the constitutionally prescribed time period, the governor shall then select another election date, as provided for in R.S. 18:402.”
La.R.S. 18:402 is entitled “Dates of primary and general elections.” La.R.S. 18:402 A sets forth the prescribed dates for gubernatorial elections; subsection B sets forth the dates for congressional elections; subsection C sets forth the dates for municipal and ward elections; and subsection D sets forth dates for parochial and municipal elections in parishes and municipalities. La.R.S. 18:402 E is entitled “Special elections to fill newly created office or vacancy in office.” Former La.R.S. 18:402 E specifically excepted from its application the offices of judge as well as state legislator and congressional representative. However, subsection E was amended by La. Acts 1986, No. 669, § 1 which deleted the statutory exception of the office of judge from application of that subsection, but retained the exceptions for the office of state legislator or congressional representative. Consequently, it is apparent that La.R.S. 18:402 E applies to the filling of a vacant judgeship.
La.R.S. 18:402 E(l) unequivocally provides that the special primary election shall be held on the first of the days set forth in La.R.S. 18:402 E(l)(a)-(e) that is not less than twelve weeks after the date on which the proclamation calling the special primary is issued, or fourteen weeks if the judgeship election corresponds with the gubernatorial election.
It is uncontested that the governor failed to call the special election within the ten day period provided by La.R.S. 18:621 A(2). Had he done so the appropriate election date would have been April 4, 1987 as provided in La.R.S. 18:402 E(l)(c) since the gubernatorial or congressional elections fall more than a year after the occurrence of the vacancy. It is also uncontested that had plaintiff timely sought relief the governor could have been ordered to comply with La.R.S. 18:621 and La.R.S. 18:402. However, plaintiff failed to seek timely relief and now seeks to have the court issue a writ of mandamus directing the governor to call the special election for the vacant judgeship on April 4,1987, which would not allow the lapse of the mandated twelve weeks between the issuance of the proclamation and the election.
“A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law.... "There must be a clear and specific legal duty which ought to and can be performed.” Felix v. St. Paul Fire & Marine Insurance Co., 477 So.2d 676, 681-682 (La.1985). A ministerial duty is defined in WEBSTER’S THIRD NEW INTERNATIONAL DICTIONARY 1439 (1966) as follows: “[0]f, being, or having the characteristics of an act or duty belonging to the administration of the executive function in government and specifically prescribed by law as part of the official duties of an office” and “[0]f, relating to, or being an act that a person after ascertaining the existence of a specified state of facts performs in obedience to a mandate of legal authority without the exercise of *599 personal judgment upon the propriety of the act and usually without discretion in its ■performance.” Mandamus directing the governor to call the election for April 4, 1987 would require the governor to violate the mandatory twelve week provision prescribed in 18:402 E(l).
Were we to direct the governor to call the special primary election on April 4, 1987, disregarding other provisions of the Election Code in order to fill the vacancy in question, potential candidates would have less than five weeks (rather than the mandatory twelve weeks) within which to determine whether to seek that elected office and to qualify and campaign for that office. This will present a hardship to potential candidates other than plaintiff. Accordingly, we hold that it is inappropriate for this court to issue an order directing a public official to perform an act which would result in further violation of the Election Code. See Galan v. Parish Council of Jefferson, 419 So.2d 141 (La.App. 5th Cir.1982).
DECREE
The judgment of the trial court is affirmed. Costs of this proceeding are assessed against plaintiff.
AFFIRMED.